Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| GEOVANNY ORTIZ PÉREZ<br><br>Peticionario<br><br>v.<br><br>ONELL MONTALVO, VICTOR MALDONADO, JONATAN HERNÁNDEZ PALOMANY Y OTROS<br><br>Recurridos | TA2026CE00671 | ***Certiorari***<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Núm. Solicitud: GM2025CV00668<br><br>Sobre:<br>Violación de Derechos Civiles |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez.

*Grana Martínez, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico a 29 de mayo de 2026**.**

El 26 de mayo de 2026 el señor Geovanny Ortiz Pérez compareció mediante un escueto escrito de dos páginas que atendemos como recurso de *Certiorari.* En el mismo, comparece según alega en forma *pauperis* y por derecho propio. Sostiene que el 14 de mayo de 2026 recibió una resolución interlocutoria del 11 del mismo mes y año, en la que el Tribunal de Primera Instancia le indica que no aceptaría mociones por derecho propio y que debía comparecer por conducto de su representación legal. Indica en su escrito que no es abogado, ni tiene estudios, ni tampoco cuenta con el beneficio del reglamento del Tribunal de Apelaciones. Continúa explicando que el 18 de mayo de 2025 el TPI le nombró a la licenciada Mayra E. Peña Santiago como abogada de oficio. Posteriormente, el 10 de abril de 2026, mediante llamada por video conferencia, ésta le anunció que estaría renunciando a su representación legal. Indica que lleva 22 años como miembro de la población correccional y no dispone de fondos para contratar

representación legal. Nos suplica que intervengamos en el caso y que la licenciada le deje saber su posición, pues entiende que cierta moción creará molestia en ella. Los hechos esenciales para comprender nuestra determinación se incluyen a continuación.

II

**El perfeccionamiento de los recursos**

El incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 549-551 (2017). No obstante, las disposiciones reglamentarias deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía, que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación y que no afecten los derechos de las partes. Regla 2 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025); *Isleta v. Inversiones Isleta Marina,* 203 DPR 585, 590 (2019).

Particularmente, en la práctica apelativa los comparecientes vienen obligados a cumplir fielmente el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos instados ante el tribunal, de lo contrario, se puede ver afectada la jurisdicción del juzgador para resolver los méritos. *Matos v. Metropolitan Marble Corp.,* 104 DPR 122, 125 (1975). En el caso *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90-91 (2013), el Tribunal Supremo enfatizó lo siguiente:

> [...] Esta norma es necesaria para que se coloque a los tribunales apelativos en posición de decidir correctamente los casos, contando con un expediente completo y claro de la controversia que tienen ante sí. Además, los requisitos de notificación son imperativos ya que colocan a la parte contraria en conocimiento del recurso que solicita la revisión de una decisión de un tribunal de menor jerarquía. Ante ello, hemos requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de este Tribunal como del Tribunal de Apelaciones. *Hernández Maldonado v. Taco*

*Maker,* 181 DPR 281, 290 (2011); *Arriaga v. F.S.E.,* 145 DPR 122, 130 (1998). En el derecho procesal apelativo no puede quedar "al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo". *Matos v. Metropolitan Marble Corp., supra,* pág. 125.

Es decir, el incumplimiento del Reglamento del Tribunal de Apelaciones, *supra,* impide que este Tribunal atienda un recurso que no se ha perfeccionado conforme a dichas disposiciones reglamentarias, pues, en nuestro ordenamiento jurídico es imperativo que los procedimientos judiciales se ejecuten de manera ordenada y efectiva. *Soto Pino v. Uno Radio Group,* supra, pág. 90. Las Reglas que gobiernan el perfeccionamiento de los recursos a nivel apelativo deben cumplirse y aplicarse por el Tribunal de Apelaciones rigurosamente. *Hernández Maldonado v. Taco Maker, supra,* pág. 290. Los recursos que no queden perfeccionados, de conformidad con estas reglas, no pueden ser atendidos y deberán desestimarse. *Soto Pino v. Uno Radio Group,* supra, pág. 97; *Rojas v. Axtmayer Ent., Inc.,* 150 DPR 560, 564 (2000).

En lo pertinente al contenido del recurso, la Regla 34 del Tribunal de Apelaciones, *supra,* establece que el escrito de Certiorari contendrá.

...

(C) Cuerpo

    (1) Toda solicitud de certiorari contendrá numerados, en el orden aquí dispuesto, los requerimientos siguientes:

    ...

    (c) Una referencia a la decisión cuya revisión se solicita, la cual incluirá el nombre y el número del caso, la Región Judicial correspondiente y la Sala del Tribunal de Primera Instancia que la dictó, la fecha en que lo hizo y la fecha en que fue notificada; también, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar la solicitud de certiorari.

    (d) Una relación fiel y concisa de los hechos procesales y materiales del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte peticionaria cometió el Tribunal de Primera Instancia.
(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicable.

(g) La súplica.
...

Lo antes dicho, no es un capricho o responde a la comodidad de este foro. Sino que responde a la necesidad de que se nos brinde la oportunidad de analizar la controversia señalada dentro del contexto del tracto procesal en su totalidad. Además, y particularmente importante, el juzgador no puede articular los errores y sustentar los mismos. Esa tarea corresponde al que recurre al auxilio del foro. No se espera que los jueces lean la mente. Por consiguiente, una parte litigante tiene la obligación de exponer sus argumentos de forma clara y precisa, *Paterson–Leitch Co.* contra *Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1.er Cir. 1988), o de lo contrario, callarse para siempre. *Rivera-Gómez v. de Castro*, 843 F2d 631635 (1.° Cir. 1988).

Del escueto recurso podemos entender que el peticionario está inconforme, pues el Tribunal de Primera Instancia le ha advertido que no aceptará mociones por derecho propio y que debe comparecer por conducto de representación legal en un pleito legal incoado por éste, ante dicho foro.

Es evidente que ante la falta de conocimiento de los trámites judiciales el peticionario necesita la asistencia de un representante legal. Como anticipamos, el recurso ante nuestra consideración incumple de manera crasa con nuestra reglamentación. Muestra suficiente de que la determinación recurrida no solo no es irrazonable, sino que es necesaria para que el peticionario pueda exponer ante el foro recurrido su causa de acción, de verdaderamente tener una. Razón por la cual, denegamos el recurso presentado ante nuestra consideración.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones